```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

CLARENCE HARRISON,              : Civ Action No. 05-3552(NLH)
        Plaintiff,              :
                                :
     v.                         :
                                :
SALEM COUNTY, BILL MILLER,      :
JOSEPH FEDEMCI, JR.,            : OPINION
CHARLES R. SULLIVAN, LEE R. WARE,:
SUSAN A. BESTWICK, BRUCE BOBBITT,:
R. BENJAMIN SIMMERMON, JR.,     :
C. DAVID SPARKS, JR., and       :
BETH E. TIMBERMAN,              :
        Defendants.             :
```

**APPEARANCES:**

Clarence Harrison
3 East 44th Street
Wilmington, DE 19802
    *Pro se*

David A. Avedissian, Esquire
203 Kings Highway East
Haddonfield, NJ 08033
    *Attorney for Defendants*

**HILLMAN**, District Judge

This matter has come before the Court on Defendants' motion for summary judgment on Plaintiff's claims that his constitutional rights were violated by Defendants' construction of a guard rail on his property, and that Defendants are responsible for injuries he sustained when he jumped over the guardrail.  For the reasons expressed below, Defendants' motion will be granted.

**I.   BACKGROUND**

Plaintiff, Clarence Harrison, *pro se*, owns property located

in Mannington Township, Salem County, New Jersey. Plaintiff claims that on September 3, 2004, he went to his property to go fishing, but he fell as he jumped over a guardrail erected by Defendants. Plaintiff claims that he injured his lower back and left arm and leg, resulting in soft tissue damage. Plaintiff also claims that he was diagnosed with cancer due to his fall over the guardrail. Plaintiff contends that Defendants violated his constitutional rights by erecting the guardrail, and are liable under state common law for his bodily injuries. Defendants have moved for summary judgment on both of Plaintiff's claims.

**II. DISCUSSION**

    **A.  Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing

substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**B.   Whether Defendants violated Plaintiff's constitutional rights when they erected the guardrail**

Construing Plaintiff's Complaint liberally,[1] it appears that

---

[1] "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

3

Plaintiff is claiming that when Defendants erected the guardrail on the front of his property "without permission," they did so in violation of his Fifth Amendment, made applicable to the states through the Fourteenth Amendment.  See Phillips v. Washington Legal Foundation, 524 U.S. 156, 163-64 (1998).  The Fifth Amendment "confirms the State's authority to confiscate private property," but "the text of the Fifth Amendment imposes two conditions on the exercise of such authority: the taking must be for a 'public use' and 'just compensation' must be paid to the owner."  Brown v. Legal Foundation of Washington, 538 U.S. 216, 231-32 (2003).

In his Opposition to Defendants' motion, Plaintiff has not provided any evidence that Defendants erected a guardrail on his property that was not for public use and for which he was not provided just compensation.  Because Plaintiff has failed to identify specific facts and affirmative evidence to support his claims, and instead simply reiterates the allegations in his Complaint, Defendants' motion for summary judgment must be granted on Plaintiff's constitutional claim.

> **C.   Whether Defendants are liable for the injuries Plaintiff sustained when he jumped over the guardrail**

Plaintiff's Complaint can also be construed as asserting a claim that Defendants negligently caused Plaintiff's injuries

---

lawyers."  Estelle v. Gamble, 429 U.S. 97, 107 (1976).

which resulted from his fall.  It is not clear whether Plaintiff is claiming that Defendants negligently erected or negligently maintained the guardrail.  Even construing Plaintiff's Complaint as asserting either cause of action, however, Plaintiff's claim must fail.

First, Plaintiff has not submitted any evidence to show that the guardrail was negligently erected or maintained.  Again, Plaintiff must do more than rest on mere allegations to defeat summary judgment.

Second, Plaintiff has not submitted any evidence that shows that the injuries he claims he sustained as a result of his fall were proximately caused by Defendants' negligence.  To recover damages for the negligence of another, a plaintiff must prove that the negligence was a proximate cause of the injury sustained.  Scafidi v. Seiler, 574 A.2d 398, 401-02 (N.J. 1990). The medical records provided by Plaintiff include a prescription for Percocet dated November 19, 2004, patient discharge instructions from St. Francis Hospital dated November 19, 2004 regarding his treatment for cancer, a bill for an x-ray performed on November 5, 2004, a bill from the hospital for service from November 5, 2004, and a hospital emergency room bill for service on November 5, 2004 and November 16, 2004.  In addition to the fact that Plaintiff has not set forth any evidence that Defendants' negligence caused him to fall, none of these records

5

indicate that Plaintiff's fall over the guardrail actually caused his injuries of soft tissue damage and cancer.

Because Plaintiff has not set forth any evidence in support of his negligence claim, Defendants are entitled to summary judgment on this claim as well.

### III. CONCLUSION

For the reasons expressed above, Defendants' motion for summary judgment on Plaintiff's constitutional violation claim and negligence claim must be granted.  An appropriate Order will be entered.

| | |
|---|---|
| Dated: March 19, 2007 | s/ Noel L. Hillman |
| At Camden, New Jersey | NOEL L. HILLMAN, U.S.D.J. |